Smith, J.
The action below was brought by the McNeelys against Murdock, as trustee under the will of Stephen Clark, deceased, to set aside a deed made by them to Clark, in his lifetime, on the ground that it had been improperly and fraudulently obtained from them. In the superior court the decree was in favor of the plaintiff as to a part of the land described in the deed, and his petition in error was filed to obtain the reversal of that judgment. Among other rulings made by the circuit court were the following:
1. The bill of exceptions showed, that at the trial of the case the plaintiffs offered in evidence the desposition of Judge O’Connor, of Cincinnati. The defendant objected to its introduction, on the ground that he was a resident of Hamilton county, but as stated in the bill, “ it appearing to the court, from the professional statement of council for plaintiff, that the witness was sick and unable to appear in court and testify, the objection was overruled, and the defendant excepted.”
Under the statute, when objection was made to the deposition on the ground stated, it was incumbent on the plaintiff, by proper proof, to show either that the witness did not reside in the county, or was absent therefrom, or from infirmity or other reason stated in section 5263, revised statutes, he was unable to attend court. By section 5261, the testimony of witnesses may be taken by affidavit, — by deposition and ¡by oral examination. We are aware that in most of our courts it is *17 usual, in matters addressed to the discretion of the court, to have the professional statement, of counsel, and act upon it as if given under the sanction of an oath, and this with the general concurrence of the members of the bar. But if this mode of proof, in a case of the character under consideration, was objected to, we think the facts requisite to be shown were not legally to be proved in that way. But the objection of the defendant should have been made to the manner in which it was sought to be shown, that the court might be advised as to the real nature of the objection. But this was not done in this case — the only objection being to the decision itself, which was clearly right if the fact found was properly established; and we think that the defendant, not then objecting to the statement of counsel, waived his right now to object to it. See Elliott and Wife v. Plattor, 43 O. S., — , 13 Weekly Law Bulletin 625; decided April 21, 1885.
2. Several of the plaintiffs offered themselves as witnesses on the trial of the case, and the defendant objected to each of them testifying, and the mode of objection in each case is the same. In the case of one it is stated thus: “The plaintiff then offered as a witness Samuel McNeely, one of the plaintiffs ; whereupon the defendant objected, which objection the court overruled and defendant excepted.” The witness thereupon testified, but no further objection was made to any evidence given by him.
Parties to a suit are not incompetent to testify as witnesses, even when the adverse party, as in this case, is the trustee of a deceased person. The statute, sec. 5245, provides, that they shall not testify except in certain cases, and as to certain matters. An objection, therefore, interposed toa competent witness, before he testifies at all, is premature, and is properly overruled by the court. The party desiring to object must wait and see what it is proposed the witness shall say, and if it is not allowable for him to testify as to such matters, the objection can then properly be made. But in a case like the one at bar, as we understand it, the section referred to, in effect, provides, that parties to the action stand on the same footing as other witnesses. It states expressly that the provisions of the section shall not apply to actions or proceedings involving the *18 validity of a .deed or will, and such we think is this case. This construction was put upon this statute by the district court of Oreen county, some years ago, and exception having been taken to the ruling, the supreme court either refused leave to file a petition in error, or affirmed the judgment without reporting the case fully.
3. The principal question argued in the case was, whether the judgment of the superior court was against the weight of the evidence — but the claim is made by the counsel for the defendant in error that the court cannot consider that assignment, for the reason that it does not appear from the bill of exceptions that the reviewing court has before it all of the evi-.. dence which was before the trial court.
The rule on this point is clearly settled in Ohio, viz.: that it must be expressly certified in the bill of exceptions itself, or appear therefrom by necessary implication, that it contains all of the evidence given upon the trial; and that this is indispensably necessary, to enable the reviewing court to determine whether the court below did or did not err in overruling a motion for a new trial, for the alleged reason that the verdict or finding is against the weight of the evidence. 12 O. S., 103.
Or, as stated in another case, the whole evidence must be embodied in¿the bill of exceptions, or in some manner so made part of it, that there can be no doubt that the reviewing court has precisely the same evidence before it which was before the trial court. 19 O., 426. The substance of the evidence is not sufficient. 30 O. S., 106. And it has been held in 33 O. S., 77, that although the bill of exceptions states that it contains all the evidence offered on the trial, yet if on examination it shows that material evidence or documents referred to are omitted, the reviewing court cannot reverse the judgment on the ground that the verdict is against the evidence.
In the bill of exceptions in this case, in several places, it is stated, that the deposition of a witness was offered and read in evidence, and “ the said deposition having been destroyed in the court-house fire after the case was heard, but before it was decided, a statement of the contents is hereto attached marked,” etc. This we think may be held sufficient. Webster gives the meaning of the word statement as follows: “A *19 formal embodiment, in language, of facts or opinions: a narrative or recital.” The bill states that the original deposition being destroyed, that a narrative, or recital of what it contained, is attached — this is nearly equivalent to saying that a copy is given.
The bill further states that the plaintiff offered in evidence the records of sundry cases in the superior and common pleas courts — there is no statement of the purpose for which they were offered, or of the contents of such records, or what they proved or even tended to prove. Then follows this statement: “All the above records were destroyed in the court-house fire— a statement of said cases is hereto attached, marked B, being the only thing obtainable.” This exhibit B is what looks like the ordinary entries of a case upon'the appearance docket. Again, the bill states, that “ the plaintiff offered in evidence the decision of the supreme court of Ohio, in the case of Gibson v. McNeely, in Vol. 11, O. S. Reports, page 118, and it was agreed that Samuel Still was the source of title, and that the agreed statement of facts set out in said decision showed the nature of the title of the McNeelys and Mrs. Gibson prior to the partition afterwards made between them.” (The state of the title of these parties was one of the issues made in the case.) But the decision referred to, and the agreed statements of facts mentioned, are not in any way made a part of the bill, or attached thereto, or otherwise referred to.
What a reviewing court could or ought to do in a case where it was manifest that the evidence submitted in the trial court, or some material part thereof, had without the fault of the plaintiff in error been destroyed, so that it was not possible to get it into the bill of exceptions, it is not necessary that we should decide in this case. We are of the opinion that while it might be a great misfortune and prejudice to the person desiring to have the judgment reviewed, yet that the rule is one which is obligatory upon the court, and in a proceeding of this kind could not be waived or corrected by the court. That it is an accident, which cannot be cured, and is like a case where a party before a trial, by some mischance, is deprived of evidence absolutely essential to a proper adjudication of his case.
Perry & Jenney and A. P. Diserens, for plaintiff in error.
Jndge Worthington and Mr. Marsh, for defendant in error.
But in this case there was evidence offered, to-wit, the decision and agreed statement of facts before mentioned, which was still in existence, or which could readily have been made part of the bill of exceptions; but this was not done, the reference to them having no such effect.
Again, the bill of exceptions does not state in terms as it should, that it contains all the evidence heard on the trial. There is such a statement at one point in the bill, when the court made a ruling as to the rights of parties, but gave leave to them to offer further evidence as to the state of the account between them. This was done, as appears from the bill; but after this there was no statement that this was all of the evidence offered. For these reasons we are of the opinion that we are not at liberty to look to this bill of exceptions to determine whether the court below ought to have granted a new trial, on the ground that the finding was against the weight of the evidence, and the judgment of the superior court will be affirmed.